FILED

2020 MAR 25 PM 3:50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>ANTHONY MICHAEL LOPEZ,<br> aka "Bird,"<br>RICARDO SALVADOR FONSECA,<br> aka "Risky,"<br>KIN THOMAS CASTRO ACFALLE,<br> aka "Chino" and<br>SERGIO NICHOLAS JARAMILLO,<br> aka "Gordo,"<br><br>   Defendants. | ED CR 20-00085-JAK<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii): Possession with Intent to Distribute Methamphetamine] |

  The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A. OBJECTS OF THE CONSPIRACY

  Beginning on a date unknown to the Grand Jury, and continuing until on or about August 22, 2019, in Riverside County, within the Central District of California, and elsewhere, defendants ANTHONY MICHAEL LOPEZ, also known as ("aka") "Bird," RICARDO SALVADOR

FONSECA, aka "Risky," KIN THOMAS CASTRO ACFALLE, aka "Chino," and SERGIO NICHOLAS JARAMILLO, aka "Gordo," and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally distribute, and possess with intent to distribute, at least five grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii).

B.   MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Defendants LOPEZ, FONSECA, and ACFALLE would communicate with each other to locate, obtain, and store methamphetamine to be smuggled into a Riverside County custody facility.

2. Defendants LOPEZ, FONSECA, and ACFALLE would locate persons willing to smuggle methamphetamine and other contraband into a Riverside County custody facility, concealed within their bodies.

3. Defendant JARAMILLO and other persons would conceal methamphetamine within their bodies to smuggle the methamphetamine into a Riverside County custody facility.

4. Defendant JARAMILLO and other persons would deliver methamphetamine to defendants FONSECA and ACFALLE and other members of the conspiracy.

C.   OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendants LOPEZ, FONSECA, ACFALLE, and JARAMILLO, and others known and unknown to the Grand Jury, committed various overt acts in Riverside County, within the

Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1: On July 16, 2019, by telephone using coded language, defendants LOPEZ and FONSECA, and co-conspirator A, discussed using defendant JARAMILLO to smuggle "one," referring to the amount of methamphetamine defendant JARAMILLO would smuggle into the Riverside County custody facility.

Overt Act No. 2: On July 19, 2019, by telephone using coded language, defendant JARAMILLO told defendant LOPEZ that defendant JARAMILLO would be willing to smuggle narcotics back into the Riverside County custody facility after he was released from custody.

Overt Act No. 3: On July 22, 2019, by telephone using coded language, defendant ACFALLE told defendant LOPEZ that co-conspirator A possessed "one and a half" ounces of methamphetamine, and defendant LOPEZ replied that, "when the shit goes in, I want Risky to get something," referring to defendant FONSECA, aka "Risky."

Overt Act No. 4: On July 27, 2019, by telephone using coded language, defendants LOPEZ and FONSECA discussed the price of methamphetamine, and defendant FONSECA stated he would receive methamphetamine in the Riverside County custody facility for further distribution.

Overt Act No. 5: On July 29, 2019, by telephone using coded language, defendant FONSECA told defendant LOPEZ that defendant ACFALLE wanted defendant FONSECA to provide him with a courier to smuggle contraband into the Riverside County custody facility, and defendants LOPEZ and FONSECA indicated that defendant JARAMILLO and one other person could smuggle narcotics into the Riverside County custody facility.

Overt Act No. 6: On July 29, 2019, by telephone using coded language, defendants LOPEZ and ACFALLE discussed how the methamphetamine that was to be smuggled into the Riverside County custody facility would be packaged in "two different colors" and that one of the packages would be for "R," referring to defendant FONSECA, aka "Risky."

Overt Act No. 7: On August 1, 2019, by telephone using coded language, defendants LOPEZ and FONSECA discussed a courier they had planned to use to smuggle narcotics into the Riverside County custody facility, defendants LOPEZ and FONSECA discussed defendant JARAMILLO, and defendant FONSECA told defendant LOPEZ to instruct defendant JARAMILLO that defendant FONSECA was waiting on defendant JARAMILLO.

Overt Act No. 8: On August 2, 2019, by telephone using coded language, defendant LOPEZ told defendant FONSECA that defendant LOPEZ possessed narcotics so he was going to contact defendant JARAMILLO.

Overt Act No. 9: On August 2, 2019, by telephone using coded language, defendant ACFALLE told defendant LOPEZ to relay messages to defendant ACFALLE through an intermediary to avoid law enforcement scrutiny, defendant ACFALLE warned defendant LOPEZ that they needed to be "more careful" because someone they knew was being charged by the "feds," and defendant ACFALLE asked defendant LOPEZ if the narcotics being smuggled into the Riverside County custody facility would be packaged the way that defendant LOPEZ had previously discussed with defendant FONSECA.

Overt Act No. 10: On August 3, 2019, by telephone using coded language, defendant LOPEZ told defendant FONSECA that defendant LOPEZ was going to pick up defendant JARAMILLO and that defendant JARAMILLO

4

was going to smuggle syringes into the Riverside County custody facility along with methamphetamine.

Overt Act No. 11: On August 3, 2019, by telephone using coded language, defendant LOPEZ told defendant FONSECA that the methamphetamine intended for defendant FONSECA would be in blue packaging and that the packaging would be marked to indicate defendant FONSECA was the intended recipient.

Overt Act No. 12: On August 7, 2019, by telephone using coded language, defendant ACFALLE asked defendant LOPEZ about the status of the smuggling attempt; defendant LOPEZ connected defendant JARAMILLO using the three-way call feature on defendant LOPEZ's phone, and defendant JARAMILLO stated that he was trying to get arrested and apologized for taking so long.

Overt Act No. 13: On August 8, 2019, defendant JARAMILLO stole a six-pack of beer and two bags of chips from a market and then waited outside the market for law enforcement officers to arrive and arrest him.

Overt Act No. 14: On or about August 8, 2019, defendant JARAMILLO possessed approximately 28 grams of methamphetamine, four syringes, and other contraband concealed in his anal cavity; one of the packages was labeled with an "R," referring to defendant FONSECA, aka "Risky," and another package was labeled with a "C" and "MV," referring to defendant ACFALLE, aka "Chino" of Moreno Valley.

Overt Act No. 15: On August 8, 2019, by telephone using coded language, defendant LOPEZ updated defendant FONESCA on the status of the smuggling attempt and reported that defendant JARAMILLO had not yet been housed.

Overt Act No. 16:  On August 9, 2019, by telephone using coded language, defendant LOPEZ updated defendant FONSECA on the status of the smuggling attempt and reported that defendant JARAMILLO was in holding; defendant JARAMILLO also reported to defendant FONSECA that defendant LOPEZ could buy 48 grams of heroin for $400.

Overt Act No. 17:  On August 9, 2019, by telephone using coded language, defendant JARAMILLO reported to defendant LOPEZ that law enforcement had seized the contraband.

Overt Act No. 18:  On August 9, 2019, by telephone using coded language, defendant LOPEZ reported to defendant FONSECA that law enforcement had seized the contraband; defendant LOPEZ said he suspected law enforcement was monitoring defendant JARAMILLO so defendant LOPEZ suggested they find other candidates for smuggling narcotics into the Riverside County custody facility.

Overt Act No. 19:  On August 22, 2019, law enforcement officers intercepted a hand-written message from defendant FONSECA to co-conspirator B, in which defendant FONSECA reported that the methamphetamine that defendant JARAMILLO was smuggling into the Riverside County custody facility was seized by law enforcement.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); 18 U.S.C. § 2]

[ALL DEFENDANTS]

On or about August 8, 2019, in Riverside County, within the Central District of California, defendants ANTHONY MICHAEL LOPEZ, also known as ("aka") "Bird," RICARDO SALVADOR FONSECA, aka "Risky," KIN THOMAS CASTRO ACFALLE, aka "Chino," and SERGIO NICHOLAS JARAMILLO, aka "Gordo," each aiding and abetting one another, knowingly and intentionally possessed with intent to distribute, and willfully caused the possession with intent to distribute of, at least five grams, that is, approximately 28 grams, of methamphetamine, a Schedule II controlled substance.

A TRUE BILL

/s/
_____
Foreperson

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

PETER DAHLQUIST
Assistant United States Attorney
Riverside Branch Office